WILLIAM HENRY ARMSTRONG, Plaintiff and Appellee, *v.* F. E. JONES, Defendant and Appellant.

No. 6493.   Argued June 19, 1934.—Decided July 11, 1934.

*Pellón & Ayuso* for appellant.   *L. Feliú* por appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The defendant in this action was ordered to pay the costs. The plaintiff filed a memorandum thereof and the de-

fendant contended some of its items. The plaintiff struck one of them and the court approved the memorandum, reducing the attorney's fees to $400.

The defendant appealed from that order and says in his brief that the amount of $400 for the plaintiff's attorney is excessive and that the court should not have allowed any amount for recording the attachment in the registry nor marshal's fees for levying the attachment and for the notice thereof, nor for the plaintiff's disbursements as premiums on the bond of a company for the attachment. In brief, that the plaintiff can not recover as regards the attachment levied to secure the effectiveness of the judgment that may be rendered in the action.

The lower court based the order appealed from on *American Colonial Bank* v. *Heirs of Ramírez,* 42 P.R.R. 438. As in the instant case the premium paid to a surety company on the bond furnished to levy the attachment was claimed in a memorandum of costs, as were the fees for the recording and notice thereof. As to those items which were challenged as being improper, we said the following:

"No objection is made to the amounts of said items, save that of attorney's fees. The contention is that they are improper. However, those expenses were incurred in consequence of the suit, and the plaintiff was entitled, under the law, to secure the effectiveness of any judgment that might be rendered in its favor. As the furnishing of a bond was necessary in this case, the defendants are bound to reimburse the expenses incurred by reason of the bond and the recording of the attachment in the registry of property. Had not they by their conduct given rise of the suit, such expenses would not have been incurred."

The appellant urges that that case has no application to this because it was based on the fact that the defendant therein bound himself by a note to pay the costs, expenses, and attorney's fees, while in this one the defendant did not undertake such payments. The appellant is wrong because the reference made to that obligation of the note was to decide

another question, that of obstinacy of the defendant, but not to determine whether the expenses of the attachment should be paid.

The appellant also argues that he does not have to pay the premium paid by the company which furnished the bond for the attachment on the ground that the plaintiff could have furnished, according to law, a personal, cash or mortgage bond, which does not give rise to premium expenses and is less burdensome.

The plaintiff had the right to choose any of the methods of bonding afforded to him by law in order to levy on the defendant's property, but if any of those means gives rise to expenses, the same should be paid by the defendant.

█ In regard to the amount allowed for attorney's fees we do not find it excessive, since we are not in the same position as the court below to determine that controversy, inasmuch as the complete record was produced before it as evidence, and such evidence has not been brought before us in this appeal.

The order appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Hutchison dissented.